*836
 
 | ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Nancy Eileen Johnson, an attorney licensed to practice law in Louisiana but currently inactive.
 

 UNDERLYING FACTS
 

 In 2001, respondent advised the Louisiana State Bar Association (“LSBA”) that she wished to assume inactive status.
 
 [1]
 
 On
 
 *837
 
 July 1, 2001, the LSBA placed respondent on inactive status. As a result, respondent was no longer eligible to practice law “until and unless the lawyer requests and is granted reinstatement to the active rolls.” To date, respondent has made no such request, and thus she has never been reinstated to the roll of attorneys who are permitted to practice law in Louisiana.
 

 Nonetheless, in July 2006, respondent began representing Barbara Johnson Craig in a divorce, community property, and child custody matter captioned
 
 Kendall Eugene Craig v. Barbara Johnson Craig,
 
 No. 148564 on the docket of the 32nd Judicial District Court for the Parish of Terrebonne. During the representation, respondent filed an answer and re-conventional demand on behalf of Ms. Craig, as well as interrogatories, a request for production of documents, and a subpoena duces tecum. On July 28, 2006, attorney Eldon Harrall, who represented the plaintiff in the case, filed a motion to remove respondent as Ms. Craig’s counsel of record due to her inactive status. He also filed a complaint against respondent with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint.
 

 DISCIPLINARY PROCEEDINGS
 

 Formal Charges
 

 In February 2008, the ODC filed two counts of formal charges against respondent, alleging she violated Rules 5.5(a) (engaging in the unauthorized practice of law), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. Respondent failed to answer or otherwise respond to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
 

 |
 
 %Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee determined that the formal charges are deemed admitted and proven by clear and convincing evidence. Thus, the committee found that respondent violated the Rules of Professional Conduct as alleged in the formal charges. The committee determined that respondent knowingly and intentionally violated duties owed as a professional. She caused harm to her client and the legal system and caused serious harm to the public and the legal profession. The committee determined that the applicable baseline sanction is a period of suspension.
 

 In aggravation, the committee found bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, submission of false evidence, false statements, or other deceptive practices during the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, and substantial experience in the practice of law (admitted 1988). The only mitigating
 
 *838
 
 factor found by the committee is the absence of a prior disciplinary record.
 

 Considering the court’s prior jurisprudence in matters involving similar misconduct, the committee recommended that respondent be suspended from the practice of law for one year and one day.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board found that the hearing committee’s factual findings are supported by the factual allegations asserted in the formal charges, which 14are deemed admitted, and/or by the documentary evidence submitted in support of the allegations. The board also determined that the committee correctly concluded respondent violated the Rules of Professional Conduct as charged.
 

 Based on these findings, the board determined that respondent knowingly and intentionally violated duties owed to her client, the legal system, and the legal profession. Respondent’s conduct caused actual harm to her client, the public, and the legal system. Moreover, there was a potential for serious harm because the
 
 Craig
 
 case involved child custody issues. Because of this potential for serious harm, the board determined that the baseline sanction is disbarment under the ABA’s
 
 Standards for Imposing Lawyer Sanctions.
 

 The board agreed with the aggravating and mitigating factors found by the committee. However, the board noted that, while respondent has substantial experience in the practice of law, she has been inactive during some of her many years as an attorney. Furthermore, the board determined that, even if the baseline sanction was suspension, the numerous aggravating factors present would justify an upward deviation to disbarment.
 

 Based on this reasoning, the board recommended that respondent be disbarred. One board member dissented and would recommend permanent disbarment.
 

 Although neither respondent nor the ODC filed an objection to the board’s recommendation, on April 13, 2009, this court ordered briefing addressing the issue of an appropriate sanction.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an |independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Quaid,
 
 94-1316 (La.11/30/94), 646 So.2d 343;
 
 Louisiana State Bar Ass’n v. Boutall,
 
 597 So.2d 444 (La.1992).
 

 In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations.
 
 In re: Donnan,
 
 01-3058 (La.1/10/03), 838 So.2d 715.
 

 The record supports a finding that respondent engaged in the unauthorized
 
 *839
 
 practice of law by filing pleadings in the
 
 Craig
 
 case while her status with the LSBA was inactive. She also failed to cooperate with the ODC’s investigation of Mr. Har-rall’s complaint against her. This conduct violated the Rules of Professional Conduct as alleged in the formal charges.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and | (¡mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 Respondent knowingly, if not intentionally, violated duties owed to her client, the legal system, and the legal profession. Her conduct caused actual harm to her client, the legal system, and the disciplinary system.
 

 The record supports the aggravating factors of bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, and substantial experience in the practice of law (admitted 1988).
 
 [2]
 
 The only mitigating factor present is the absence of a prior disciplinary record.
 

 The disciplinary board has recommended that respondent be disbarred for practicing law while she was inactive. Without minimizing the seriousness of respondent’s misconduct, we find disbarment is unduly harsh under the circumstances. Instead, taking into account all the interests to be served by the lawyer discipline system, we find a one year and one day suspension from the practice of law is adequate discipline in this case.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the brief filed by the ODC, it is ordered that Nancy Eileen Johnson, Louisiana Bar Roll number 19008, be and she hereby is suspended from the practice of law for a period of one year and one day. |7AI1 costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thii’ty days from the date of finality of this court’s judgment until paid.
 

 [1]
 

 . See Supreme Court Rule XVIII, which provides in pertinent part as follows:
 

 Section 3. Application for Transfer to Inactive Status. A lawyer in good standing who has not retired or is not engaged in practice shall advise the Louisiana State Bar Association in writing that the lawyer desires to assume inactive status and discontinue the practice of law. Upon the filing of the notice, the Louisiana State Bar Association shall inform the Court and the lawyer shall no longer be eligible to practice law. A lawyer who is retired or on inactive status shall not be obligated to pay the annual fee imposed by Rule XIX upon active practitioners. A lawyer on inactive
 
 *837
 
 status shall be removed from the roll of those classified as active until and unless the lawyer requests and is granted reinstatement to the active rolls.
 

 [2]
 

 . The hearing committee also found the aggravating factor of submission of false evidence, false statements, or other deceptive practices during the disciplinary process. We find no support for this factor in the record.